SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE Bar No. 102181
bruce.celebrezze@sdma.com
MICHELLE Y. MCISAAC BAR NO. 215294
michelle.mcisaac@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY and
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas J. Barbarotto's Successor in Interest,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA<br><br>[Originally San Francisco County Superior Court, Case No. CGC07-464064] |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that defendant Hartford Life Insurance Company ("Hartford") hereby removes the above-described action from the Superior Court for the State of California, County of San Francisco, to the United States District Court for the Northern District of California pursuant to the provisions of 28 U.S.C. § 1441, and respectfully alleges as follows:

1.  Jurisdiction of this action is founded upon both 28 U.S.C. §§ 1332, 1441(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, and 28 U.S.C. §§ 1331 and 1441(b), as the action arises

1  under a law of the United States (Employee Retirement Income Security Act, 29 U.S.C. § 1001,
2  et seq.).
3     2.    On or about June 7, 2007, plaintiffs Vicki J. Caprio and Duane A. Barbarotto as
4  decedent Nicholas J. Barbarotto's Successors in Interest, filed a complaint in the Superior Court,
5  State of California, County of San Francisco, bearing case No. CGC07-464064, and naming as
6  defendants Hartford Life Insurance Company, a corporation doing business as The Hartford and
7  Hartford Life and Accident Insurance Company, and Does 1 through 20, inclusive, which
8  purports to alleges causes of action for breach of contract, breach of the duty of good faith and
9  fair dealing, and ERISA violation.
10    3.    Hartford Life Insurance Company and Hartford Life and Accident Insurance
11 Company (jointly "Hartford") first received a copy of the complaint on December 19, 2007. A
12 true and correct copy of all the documents received by Hartford, consisting of plaintiff's
13 complaint and the summons, are attached hereto as Exhibit A.
14    4.    Hartford has not filed an answer or otherwise responded to the complaint, no
15 proceedings have been had in the Superior Court for the State of California, and no other
16 defendant has filed an answer or otherwise responded to the complaint following receipt of the
17 complaint.

## DIVERSITY JURISDICTION

19    5.    This action is a civil action over which this Court has original jurisdiction under
20 28 U.S.C. § 1332, and is one which may be removed to this Court by Hartford pursuant to the
21 provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or value of
22 $75,000, exclusive of interest and costs, and is between citizens of different states.
23    6.    Hartford is informed and believes that plaintiffs Vicki J. Caprio and Duane A.
24 Barbarotto are citizens of the State of California. Defendant Hartford Life Insurance Company is
25 a corporation duly incorporated in the State of Connecticut, with its principal place of business in
26 the State of Connecticut. Defendant Hartford Life and Accident Insurance Company is a
27 corporation duly incorporated in the State of Connecticut, with its principal place of business in
28 the State of Connecticut.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1474112v1

-2-
NOTICE OF REMOVAL OF CIVIL ACTION TO U.S.D.C. -- NORTHERN DISTRICT OF CALIFORNIA

7. As alleged in paragraphs 10, 11, and 33 of the complaint, plaintiffs claim $175,000 in damages, which exceeds the sum or value of $75,000, inclusive of interest and costs.

## FEDERAL QUESTION JURISDICTION

8. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the provision of 28 U.S.C. § 1441(b), in that it arises under the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), as the third cause of action asserted in the complaint is for an ERISA violation.

WHEREFORE, DEFENDANTS HARTFORD LIFE INSURANCE COMPANY and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY further give notice that the above-entitled action, now pending against them in the Superior Court for the State of California, County of San Francisco, has been removed therefrom to this Court on grounds of diversity and federal question.

DATED: January 17, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: _____
BRUCE D. CELEBREZZE
MICHELLE Y. MCISAAC
Attorneys for Defendant
HARTFORD LIFE INSURANCE COMPANY

SF/1474112v1

-3-
NOTICE OF REMOVAL OF CIVIL ACTION TO U.S.D.C. -- NORTHERN DISTRICT OF CALIFORNIA

Exhibit A

06/07/2007 14:27    707-769-2999    WILLIAMS WESTER HALL    PAGE 03/09

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas J. Barbarotto's Successors in Interest

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**CASE NUMBER:** *(Número del Caso)*
CGC-07-464064

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barry Wester, Esq. (#103588)     Matthew D. Brekhus, Esq. (#119251)
Dykman & Wester, LLP
790 Mission Avenue, San Rafael, CA 94901    (415) 454-8545

DATE: JUN 7 2007    Clerk, by GORDON PARK-LI, Deputy
*(Fecha)*    *(Secretario)*    CRISTINA E. SANTOS    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Martin Dean's Essential Forms™

10349982 bf - 6/7/2007 2:32.15 PM

06/07/2007  14:27   707-769-2999        WILLIAMS WESTER HALL                  PAGE  04/09

Barry F. Wester, Esq. (103588)
Matthew D. Brekhus, Esq. (119251)
DYKMAN & WESTER, LLP
790 Mission Avenue
San Rafael, CA 94901
Telephone: (415) 454-8545
Facsimile:  (415) 454-8628

Attorneys for Plaintiffs
VICKI CAPRIO and DUANE A. BARBAROTTO

**FILED**
San Francisco County Superior Court
JUN. 7 2007
GORDON PARK-LI, Clerk
BY: _____
         Deputy

NOV 9 2007 - 9:00 AM

DEPARTMENT 212

SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

VICKI CAPRIO and DUANE A.
BARBAROTTO as decedent Nicholas J.
Barbarotto's Successors in Interest,

    Plaintiffs,

    vs.

HARTFORD LIFE INSURANCE COMPANY,
a corporation doing business as THE
HARTFORD and HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY, and
DOES 1 through 20, inclusive,

    Defendants.

Case No.: CGC07- 464064

COMPLAINT

BY FAX

### GENERAL ALLEGATIONS

1. Plaintiffs VICKI CAPRIO and DUANE A. BARBAROTTO alleges as follows:

2. NICHOLAS J. BARBAROTTO is the name of decedent.

3. NICHOLAS J. BARBAROTTO died on February 14, 2006 at South San Francisco, California.

4. No proceeding is now pending in California for administration of the decedent's estate.

COMPLAINT
- 1

10349982 tif - 6/7/2007 2 32.15 PM

06/07/2007  14:27    707-769-2999          WILLIAMS WESTER HALL              PAGE  05/09

5. The plaintiffs are decedent's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to the decedent's interest in the action or proceeding.

6. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

7. At all relevant times herein, defendant THE HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") was, and is, a corporation with its principal place of business in Connecticut, and is authorized to transact business in California, and at all relevant times herein was transacting business in the state of California.

8. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 20, and plaintiffs are further ignorant of the appropriate charging allegations and theories of liability with respect to said fictitiously named defendants, and therefore plaintiffs sue such defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Based on information and belief, each of the defendants so designated herein is legally responsible and liable in some manner for the events and happenings herein referred to, and is therefore liable and responsible to plaintiffs for an amount to be hereinafter determined.

9. At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

10. Defendant HARTFORD issued an accidental death policy, number ADD-1037, to the State Bar of California covering decedent and his wife, Tamara Barbarotto, in the amount of $125,000.

11. Defendant HARTFORD also issued a separate accidental death policy covering decedent and his wife, Tamara Barbarotto, number ADD-6460, in the amount of $50,000.

COMPLAINT
- 2 -

06/07/2007  14:27   707-769-2999                WILLIAMS WESTER HALL                    PAGE  06/09

12. All premiums due under the above-mentioned HARTFORD Policies (hereafter "the Policies") were paid to defendant at all relevant times and decedent and/or Tamara Barbarotto have performed all obligations under the Policies.

13. Tamara Barbarotto was injured at home as a result of an accident on July 2, 2002.

14. On October 19, 2002, Tamara Barbarotto expired as a result of the injuries sustained in the July 2, 2002 accident.

15. Decedent filed timely claims for the total death indemnity under the Policies.

16. HARTFORD failed to conduct a reasonable investigation and acted unreasonably, arbitrarily and capriciously in denying the claims made by decedent pursuant to the Policies, subsequent to the death of Tamara Barbarotto. HARTFORD wrongfully denied the claim of decedent relating to policy number ADD-1037 on December 14, 2004, and wrongfully denied the claim of decedent relating to policy number ADD-6460 on June 7, 2005.

## FIRST CAUSE OF ACTION

(Breach of Contract)

17. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations and incorporate those paragraphs as though set forth in full in this Cause of Action.

18. Decedent performed all conditions on his part to be performed under the insurance contacts and all premiums due under said contracts have been paid.

19. Defendant HARTFORD has breached the subject insurance contracts by refusing, without just cause, to pay plaintiffs' claims, and refusing, without just cause, to undertake and complete a reasonable investigation of said claims.

20. As a direct result of defendant's breach of the subject insurance contracts, plaintiffs have suffered contractual damages under the terms and conditions of the Policies, and other incidental damages and out-of-pocket expenses, all in a sum to be determined according to proof at the time of trial.

COMPLAINT
- 3

## SECOND CAUSE OF ACTION

(Breach of Duty of Good Faith and Fair Dealing)

21. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations, and paragraphs 18 through 20, inclusive, of the First Cause of Action, and incorporate those paragraphs as though set forth in full in this cause of action.

22. Defendant breached their duty of good faith and fair dealing owed to plaintiffs in the following respects:

    (a) Unreasonable and bad faith failure to pay benefits to plaintiffs at a time when defendant knew plaintiffs were entitled to said benefits under the terms of the Policies.

    (b) Unreasonably withholding payments from plaintiffs in bad faith knowing plaintiffs' claim for benefits under the Policies to be valid.

    (c) Failing to pay plaintiffs death benefits pursuant to said claims at a time when defendant had insufficient information within their possession directly opposing said action.

    (d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claims for death benefits in which liability had become reasonably clear.

    (e) Bad faith failure to provide a reasonable explanation of the basis relied upon in the Policies, in relation to the applicable facts, for the denial of plaintiffs' claims for death benefits.

    (f) Unreasonably and in bad faith requiring plaintiffs to provide unnecessary and unreasonable information and documentation after already knowing that plaintiffs were entitled to receipt of the death benefit.

    (g) Plaintiffs are informed and believe and thereon allege that defendant has breached its duty of good faith and fair dealing owed to plaintiffs by other acts or omissions of which plaintiffs are presently unaware. Plaintiffs reserve the

06/07/2007 14:27    707-769-2999    WILLIAMS WESTER HALL    PAGE 08/09

right to seek leave of court to amend this Complaint at such time as plaintiffs discover the other acts or omissions of said defendant constituting such breach.

23. As a result of the aforementioned wrongful conduct of defendant, plaintiffs have suffered, and will continue to suffer in the future, damages under the Policy, plus prejudgment interest, for a total amount to be show at the time of trial.

24. As a further result of the aforementioned wrongful conduct of defendant, plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, defendant is liable to plaintiffs for those expenses and attorney fees reasonably necessary and incurred by plaintiffs to obtain the policy benefits in a sum to be determined at the time of trial.

25. Defendant's conduct described herein was intended by the defendant to cause injury to the plaintiffs, or was despicable conduct carried out by the defendant, with a willful and conscious disregard of the rights of plaintiffs, subjected plaintiffs to cruel and unjust hardship in conscious disregard of plaintiffs' rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant, with the intention to deprive plaintiffs of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under CCP §3294, thereby entitling plaintiffs to punitive damages in an amount appropriate to punish, or set an example, of defendant.

### THIRD CAUSE OF ACTION

(ERISA Violation)

26. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations, and paragraphs 18 through 20, inclusive, of the First Cause of Action, and incorporate those paragraphs as though set forth in full in this cause of action

27. Defendant's Policies have, at all times material, been an employee benefit plan established by an employer engaged in commerce or in any industry or activity affecting commerce within the meaning of 29 U.S.C. Section 1003(a)(1).

COMPLAINT
- 5 -

10349982.tif - 6/7/2007 2:32:15 PM

28. At all times, defendant and DOES 1 through 10, have been the administrator of the Policies.

29. Decedent was an eligible employee participant in defendant's Policies.

30. Decedent has fully complied with all the conditions in order to receive these benefits.

31. The decision by defendant that denied plaintiffs of the rights and benefits due plaintiffs under the Policies was arbitrary, illegal, capricious, unreasonable, and not made in good faith, and is breach of defendant's fiduciary duty owned to plaintiffs.

32. As a direct and proximate result of the actions of the defendant, plaintiffs have been caused to incur attorney's fees.

33. As a direct and proximate result of the actions of the defendant, plaintiffs have sustained damages in excess of $175,000.

WHEREFORE, plaintiffs pray for judgment against defendant, and each of them, as follows:

1. Damages for failure to provide benefits under the Policies, plus interest, including prejudgment interest, in a sum to be determined at the time of trial;

2. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendant;

3. For expenses and attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 7, 2007

DYKMAN & WESTER, LLP

BY _____
MATTHEW D. BREKHUS
Attorneys for Plaintiffs

COMPLAINT

- 6 -

10349982 M - 6/7/2007 2:32:15 PM

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On January 17, 2008, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

- ☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.
- ☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.
- ☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

Barry Wester, Esq.                           Attorneys For Plaintiffs
Matthew D. Brekhus
Dykman & Wester
790 Mission Avenue
San Rafael, CA 94901

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 17, 2008, at San Francisco, California.

*Nanette Johnson*
Nanette Johnson

**PROOF OF SERVICE**

SF/1478190v1