SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
MICHELLE Y. MCISAAC BAR NO. 215294
michelle.mcisaac@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY
and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas J. Barbarotto's Successor in Interest,<br><br>          Plaintiff,<br><br>     v.<br><br>HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>          Defendants. | CASE NO.  C 08 0338 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS HARTFORD LIFE INSURANCE COMPANY'S AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>JUDGE:   Hon. Claudia Wilken<br>CTRM:   2, 4th Floor<br>DATE:    March 6, 2008<br>TIME:    2:00 p.m. |

## I. INTRODUCTION

The action filed by plaintiffs Vicki Caprio and Duane A. Barbarotto is barred on grounds of *res judicata*. This court should, therefore, grant the motion of defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company (jointly "Hartford") to dismiss.

Plaintiffs brought this action against Hartford as "decedent Nicholas J. Barbarotto's successors in interest," for the recovery of accidental death benefits related to the death of Nicholas J. Barbarotto's wife, under two Hartford policies. However, in 2006, Nicholas J. Barbarotto filed an identical action against Hartford in this court for the recovery of these very same accidental death benefits under the same Hartford policies, which resulted in a dismissal with prejudice. *Res judicata* precludes this action, and plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. PERTINENT FACTS

### A. Earlier Action Filed By Plaintiff Nicholas J. Barbarotto

On February 22, 2006, Nicholas J. Barbarotto ("Barbarotto") filed an action in the United States District Court for the Northern District of California, styled *Nicholas J. Barbarotto, individually and as Trustee of the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005, Plaintiff vs. Hartford Life Insurance Company, a corporation doing business as The Hartford and Hartford Life and Accident Insurance Company, and Does 1-10, Defendants*, which was assigned to Judge Charles R. Breyer, as Case No. C06-1278. (See Request for Judicial Notice, Exhibit 1.)

Barbarotto alleged that defendant Hartford Life Insurance Company, a corporation doing business as The Hartford, and Hartford Life and Accident Insurance Company issued an accidental death policy, number ADD-1037, to the State Bar of California covering Barbarotto and his deceased wife Tamara ("Tamara") in the amount of $125,000. (*Id.* at ¶ 6.) Barbarotto further alleged that Hartford issued a separate accidental death policy covering himself and Tamara, policy number ADD-6460, in the amount of $50,000. (*Id.* at ¶ 7.)

Barbarotto asserted that, on July 2, 2002, Tamara was injured at home as a result of an accident, and died on October 19, 2002 as a result of the injuries sustained in the accident. (*Id.* at ¶¶ 9-10.) He further alleged that he filed timely claims for the total death indemnity under the policies, but Hartford wrongfully denied his claims under the respective policies, on December 14, 2004 and June 7, 2005. (*Id.* at ¶¶ 11-12.) Barbarotto stated two causes of action against Hartford based on the denials of Barbarotto's accidental death claims: breach of contract and breach of the duty of good faith and fair dealing.

Barbarotto's complaint further alleged that "on or about February 1, 2006, plaintiff Barbarotto gave, transferred and assigned all of his right, title and interest in and to the within legal action, and to all of his claims as beneficiary for the benefits and proceeds to which her [sic] is entitled in said action under and by virtue of the accidental death insurance policies referred to thereon issued and underwritten by the Defendants and each of them, to himself as Trustee and to his successor trustees as an asset includable in and subject to the terms, conditions and provisions of that certain revocable living trust agreement executed by him as Trustor and Trustee dated November 2, 2005." (*Id.* at ¶ 4.)

B. <u>Dismissal With Prejudice Entered in Case Filed By Plaintiff Nicholas J. Barbarotto</u>

On October 19, 2006, Judge Breyer entered the dismissal of Barbarotto's action in its entirety with prejudice pursuant to the parties' stipulation. (Request for Judicial Notice, Exhibit 2.)

C. <u>Allegations Of Instant Complaint Filed By Plaintiffs, Vicki Caprio And Duane A. Barbarotto, As Decedent Nicholas J. Barbarotto's Successors In Interest</u>

On June 7, 2007, Vicki Caprio and Duane A. Barbarotto filed the instant action, styled *Vicki Caprio and Duane A. Barbarotto as decedent Nicholas J. Barbarotto's Successors in Interest, Plaintiffs, vs. Hartford Life Insurance Company, a corporation doing business as The Hartford and Hartford Life and Accident Insurance Company, and Does 1 through 20, inclusive, Defendants,* in the Superior Court of California, City and County of San Francisco. (Docket # 1,

Exhibit A.)[1]  Hartford timely removed the action to this court on January 17, 2008.  (Docket # 1.)

Plaintiffs allege that Nicholas J. Barbarotto died on February 14, 2006, and that they are Nicholas J. Barbarotto's successors in interest as defined in California Code of Civil Procedure § 377.11 and succeed to his interest in the action.  (Docket # 1, Exhibit A, ¶¶ 3, 5.)  Plaintiffs' complaint does not contain any allegations regarding the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005.

However, otherwise, plaintiffs' allegations are identical to the allegations in the prior action brought by Barbarotto.  Plaintiffs allege that Hartford (defined by plaintiffs as Hartford Life Insurance Company, a corporation doing business as The Hartford and Hartford Life and Accident Insurance Company) issued an accidental death policy, number ADD-1037, to the State Bar of California covering Barbarotto and his wife, Tamara, in the amount of $125,000.  (*Id.* at ¶¶ 7, 10.)  Plaintiffs further allege that Hartford issued a separate accidental death policy covering Barbarotto and Tamara, number ADD-6460, in the amount of $50,000.  (*Id.* at ¶ 11.)  Plaintiffs aver that Tamara was injured at home as a result of an accident on July 2, 2002, and died on October 19, 2002 as a result of the injuries sustained in the accident.  (*Id.* at ¶¶ 13-14.)  Plaintiffs further assert that Barbarotto filed timely claims for the total death indemnity under the policies, but Hartford wrongfully denied his claims under the respective policies, on December 14, 2004 and June 7, 2005.  (*Id.* at ¶¶ 15-16.)  As with Barbarotto's prior action, plaintiffs assert causes of action for breach of contract and breach of the duty of good faith and fair dealing against Hartford, based on the denials of Barbarotto's accidental death claims.

The current action also asserts an ERISA (Employee Retirement Income Security Act of 1974) violation, alleging that Hartford's policies are part of an employee benefit plan established by an employer within the meaning of 29 U.S.C. § 1003(a)(1), and that Hartford's denials of Barbarotto's accidental death claims violated ERISA.  (*Id.* at ¶¶ 27-31.)

---

[1]  Plaintiffs' counsel in this action is the same as counsel in the action *Nicholas J. Barbarotto, individually and as Trustee of the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005, Plaintiff vs. Hartford Life Insurance Company, a corporation doing business as The Hartford and Hartford Life and Accident Insurance Company, and Does 1-10, Defendants*, Case No. C06-1278.

III.   ARGUMENT

A. Plaintiffs Have Failed To State A Claim Upon Which Relief Can Be Granted; Therefore, Dismissal Is Proper

Barbarotto's action against Hartford, based on the denials of his accidental death claims, was dismissed with prejudice by this court on October 19, 2006. Accordingly, his successors in interest are barred from bringing the instant, identical action pursuant to the doctrine of *res judicata*, and this case is properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiffs have failed to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. A dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *City of Arcadia v. United States EPA*, 411 F.3d 1103, 1106 (9th Cir. 2005); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint may be dismissed under Rule 12(b)(6) if the defect appears on the face of the pleading or from a matter of which the court may take judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

The court may take judicial notice of the fact that the very same claims plaintiffs have asserted in this action were previously dismissed with prejudice by this court. As addressed below, the doctrine of *res judicata* bars plaintiffs from bringing this lawsuit. Therefore, plaintiffs' complaint should be dismissed.

B. *Res Judicata* Bars Plaintiffs' Action

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051-1052 (9th Cir. 2005). "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits,

conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590, 594 (9th Cir. 1985), quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties.'" *Headwaters*, *supra*, 399 F.3d at 1052, citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 332 F.3d 1064, 1077 (9th Cir. 2003).

As set forth below, all three elements of *res judicata* are satisfied here. Consequently, plaintiffs' action is barred and dismissal is proper.

  1. <u>Plaintiffs' Claims Are Identical to the Claims Previously Asserted By Barbarotto</u>

In determining whether an action concerns the same claims as in a prior litigation, the Ninth Circuit holds that courts should consider the following:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, supra,* 399 F.2d at 1052, citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-1202 (9th Cir. 1982).

Plaintiffs' complaint raises exactly the same claims of breach of contract and breach of the duty of good faith and fair dealing arising out of Hartford's denials of Barbarotto's accidental death claims under policies, ADD-1037 and ADD-6460, based on his wife Tamara's death as were asserted in Barbarotto's prior action. Moreover, plaintiffs' additional ERISA claim for the recovery of benefits is based on the identical factual allegations regarding Hartford's denial of Barbarotto's accidental death claims, thus satisfying the requirement that the two claims arise out of the "same transactional nucleus of facts." See *Stewart, supra,* 297 F.3d at 959 (holding that *res judicata* applied to new ERISA claim, although it had not been asserted in the prior action - "Plaintiffs could have stated an ERISA claim in their initial complaint, or the complaint could have been amended to include an ERISA claim. There was no initial bar to the district court's considering an ERISA claim except Plaintiffs' failure to raise it."). Accordingly, an identity of

claims exists between Barbarotto's prior claims and plaintiffs' claims in this action.

  2. <u>Barbarotto's Voluntary Dismissal With Prejudice Was a "Final Judgment on the Merits"</u>

Under the doctrine of *res judicata*, "a final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action." *The Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992). As noted by the Ninth Circuit, the phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart*, *supra*, 297 F.3d at 956. A stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court. *Headwaters*, *supra*, 399 F.3d at 1052. In *Headwaters*, six environmental groups and two individuals filed suit against the Forest Service challenging various timber sales. However, before any litigation on the merits, plaintiffs stipulated to a dismissal of their complaint with prejudice. *Id.* at 1050. A year later, one of the plaintiffs from the prior action filed a new complaint regarding certain timber sales that had been previously challenged. The Forest Service moved for judgment on the pleadings on grounds of *res judicata*. The Ninth Circuit affirmed the district court's finding that the stipulated dismissal of the prior action with prejudice constituted a final judgment on the merits. *Id.* at 1052.

Similarly, here, Barbarotto voluntarily dismissed his prior action with prejudice for the recovery of accidental death benefits under two Hartford policies, based on his wife's death. (Request for Judicial Notice, Exhibits 1-2.) Barbarotto's voluntary dismissal with prejudice was a final judgment on the merits, thus satisfying the second element necessary to establish *res judicata*.

  3. <u>Privity Exists Between Plaintiffs and Barbarotto</u>

"Privity . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represented precisely the same right in respect to the subject matter involved." *Headwaters*, *supra*, 399 F.3d at 1052-1053, citing *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

> Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest, chiefly; co-owners and co-tenants of property; decedents and their heirs, ***successors in interest*** and survival claimants; bailors and bailees; joint obligees; assignors and assignees; parties to a contract, and in some cases promises and third-party beneficiaries; indemnitors and indemnities; corporations and their officers or shareholders; partners and their partnerships; and unincorporated associations and their members.

*Headwaters*, *supra*, 399 F.3d at 1053, citing Restatement (Second) of Judgments, §§ 43-61 (1982) (Emphasis added.)[2]

Here, plaintiffs have brought the instant action as Barbarotto's successors in interest. As set forth above, the successor in interest relationship is recognized as demonstrating privity: that two parties have identical or transferred rights with respect to a particular legal interest. Thus, privity exists between plaintiffs and Barbarotto. Additionally, plaintiffs have asserted the same allegations against the same defendants, as Barbarotto previously asserted in his action. Accordingly, as privity exists between plaintiffs and Barbarotto, and the defendants are the same in both actions, the third and final prong establishing *res judicata* is satisfied.

## IV. CONCLUSION

*Res judicata* bars plaintiffs from bringing this lawsuit, which is identical to one previously dismissed with prejudice. Accordingly, Hartford's motion to dismiss should be granted.

DATED: January   , 2008               Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:  s/Michelle Y. McIsaac
    BRUCE D. CELEBREZZE
    MICHELLE Y. MCISAAC
    Attorneys for Defendants
    HARTFORD LIFE INSURANCE COMPANY
    and HARTFORD LIFE AND ACCIDENT
    INSURANCE COMPANY

---

[2] This traditional definition of privity has been expanded by recent case law to include various relationships between litigants, and is no longer limited to only those traditionally recognized. *See Richards v. Jefferson County*, 517 U.S. 793, 798, 116 S. Ct. 1761 (1996). The expanded definition is not relevant here, as privity exists even under the traditional definition.