Barry F. Wester, Esq. (103588)
Matthew D. Brekhus, Esq. (119251)
mbrekhus@gmail.com
DYKMAN & WESTER, LLP
790 Mission Avenue
San Rafael, CA  94901
Telephone: 415/454-8545
Facsimile:   415/454-8628

Attorneys for Plaintiff
 VICKI CAPRIO and DUANE A. BARBAROTTO
 as decedent Nicholas Barbarotto's Successors in Interest

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas Barbarotto's Successors in Interest,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD LIFE INSURANCE COMPANYa corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and Does 1 through 20, inclusive,<br><br>Respondents. | Case No.: C08-0338 CW<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS COMPLAINT<br><br>Judge: Claudia Wilken<br>Date:   April 8, 2008<br>Time:   2:00 p.m.<br>Ctrm:   2, 4th Floor |

## INTRODUCTION

The prior action upon which Defendant bases it's claim of res judicata was filed after the death of the plaintiff Nicholas Barbarotto. Judgment entered against a party who died before the

action is commenced is void- a judicial nullity. A void judgment cannot be the basis for the application of the claim preclusion doctrine in a res judicata analysis.

**STATEMENT OF FACTS**

On February 22, 2006, counsel filed an action against Hartford Life Insurance Company (Hartford) on behalf of Nicholas J. Barbarotto (Barbarotto), individually and as a trustee for the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005.(See Defendant's Request for Judicial Notice, Exhibit 1.) Said complaint contained allegations that Hartford had issued two separate accidental death policies covering Barbarotto and his wife Tamara Barbarotto. (*Id.* at pp. 6-7) Barbarotto alleged in his complaint that Tamara died on October 19, 2002 as result of injuries sustained in an accident which occurred on July 2, 2002.(Id. at pp.9-10) Barbarotto further alleged that Hartford wrongfully denied his timely filed claims for the total death indemnity under both policies.(*Id.*at pp.11-12) The complaint contained causes of action for breach of contract and breach of good faith and fair dealing.

Following Hartford's appearance in the prior action, it was discovered that Barbarotto had died on February 14, 2006, before that action was filed.(Docket #1,Exhibit A p.1) Further it was determined that Barbarotto's claims against Hartford had never been added to the corpus of the Nicholas J. Barbarotto Revocable Living Trust. The prior action could not be amended pursuant to Federal Rules of Civil Procedure Rule 25 to substitute Vicky Caprio and Duane Barbarotto as Decedent Barbarotto's successor in interest because the action was now a nullity and could not be amended. Counsel for Plaintiff in that prior action entered into a stipulation with Hartford to dismiss the action with prejudice.(See Defendant's Request for Judicial Notice, Exhibit 2)

Vicky Caprio and Duane Barbarotto as Decedent Barbarotto's successor in interest brought the present action in state court on essentially the same claims against Hartford as the prior action. .(Docket #1,Exhibit A) Hartford removed the present action to this court on January 17, 2008.(Docket #1)

**Argument**

**A        The Prior Action Was A Nullity And Can't Act As A Bar To Subsequent Action**

2

1   Hartford has brought the present Rule 12(b) motion on the grounds that the doctrine of
2   res judicata bars the present action. Such motion must be based on defects found on the face of
3   the complaint or matters on which the Court may take judicial notice. The Court must accept
4   allegations in the complaint as true. *Pareto v F.D.I.C. 138 F.3d 696,699 (9th Cir. 1998)*
5   Therefore, for purposes of the present motion, the Court must accept as fact that Barbarotto died
6   before the prior action was filed.

7   As Hartford states in it's motion, a final judgment on the merits in the prior action is a
8   necessary element to establish res judicata. However, only a valid judgment can be used to
9   establish res judicata. *Moore's Federal Practice Guide 3d §131.30[1] [a]* An action in which the
10  plaintiff dies before the complaint is filed is a judicial nullity. *Banakus v. United Aircraft Corp.*
11  *290 F. Supp. 259 (1968)* The District Court there found that, since the action was void from it's
12  inception, there were no claims capable of amendment to permit the substitution of the
13  decedent's successors in interest pursuant to Rule 25.

14  The District Court in *Banakus* pointed out under Rule 17 (b) the capacity of an
15  individual to sue is to be determined by the law of his domicile and found that the law of the
16  deceased's domicile didn't permit actions brought on behalf of the decedent. *Id. at 260* It was
17  alleged in the prior complaint that Barbarotto was a resident of California. .(See Defendant's
18  Request for Judicial Notice, Exhibit 1. p.1) Under California law, a judgment against a party
19  who died before the action was commenced is void as lacking jurisdiction and not binding on
20  his heirs. *Colin v. Blanchard (1933) 219 Cal 632*

21  While Federal Rules of Civil Procedure Rule 25 provides the procedure in the event of the
22  death of a party, the effect of the death of a party is determined by the applicable substantive law.
23  *California Practice Guide; Federal Civil Procedure Before Trial; Parties §7:356* The law in
24  California and elsewhere is clear that the death of a party before commencement of the action
25  renders any judgment against him void and the action itself a judicial nullity *46 American*
26  *Jurisprudence 2d; Judgments §90* Given that the prior action was commenced after the death of
27  Barbarotto, no order of dismissal of that action can act as a bar to the present action.

28  **B           Counsel had no Authority to Bind Successors in Interest**

3

Claim preclusion will not apply to persons absent from the prior action unless the parties present have some authority by contract or operation of law to represent them. *Dudley v. Myers 570 F 2d. 1065, 1071 (1st Circuit 1978)*    Defendant cannot show, that at the time the prior action was dismissed, Plaintiff's counsel had been retained by an executor of Barbarotto's estate or Vicky Caprio and Duane Barbarotto as Decedent Barbarotto's successor in interest. Counsel had no authority to represent them in the prior action absent an agreement or operation of law and the dismissal should be no bar to the present action.

### Conclusion

A prior action which was void from it's inception or a judicial nullity cannot act as a bar to a subsequent action.

Dated:  March 13, 2008

DYKMAN & WESTER, LLP

By_____/S/_____
       MATTHEW D. BREKHUS