SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
MICHELLE Y. McISAAC  Bar No. 215294
michelle.mcisaac@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY
and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas J. Barbarotto's Successors in Interest,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C 08-0338 CW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS HARTFORD LIFE INSURANCE COMPANY AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>JUDGE: Hon. Claudia Wilken<br>CTRM:    2, 4th Floor<br><br>HEARING VACATED PURSUANT TO MARCH 5, 2008 COURT ORDER |

## I.  INTRODUCTION

In their opposition to Hartford's motion to dismiss, plaintiffs unilaterally – but incorrectly – conclude that the prior judgment, on claims identical to the ones alleged in their present complaint, is void, thus allowing this action to proceed.  Plaintiffs do not get to make such determinations, and indeed the federal rules require that a party wishing to vacate a judgment seek to do so by motion pursuant to Fed.R.Civ.P. 60.  Plaintiffs have failed to obtain such relief.  Unless and until the prior judgment has been judicially set aside, plaintiffs are barred from maintaining the present action.  Thus, Hartford's motion to dismiss plaintiffs' complaint on grounds of *res judicata* should be granted.

## II. ARGUMENT

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051-1052 (9th Cir. 2005). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties.'" *Id.* at 1052. All three of the elements of *res judicata* have been satisfied here, and plaintiffs have not shown and cannot show otherwise. Accordingly, plaintiffs' current action is barred by *res judicata*.

### A. Plaintiffs Concede That The Present Action Is Identical To The Prior Action

Plaintiffs concede in their opposition brief, "Vicky Caprio and Duane Barbarotto as Decedent Barbarotto's successor in interest brought the present action in state court on essentially the same claims against Hartford as the prior action." (Docket # 9, 2:22-24.) Thus, it is undisputed that the first element in establishing *res judicata*, that the two actions be identical, has been satisfied here.

### B. Plaintiffs Must Seek Relief To Vacate The Prior Judgment Pursuant to the Federal Rules

Plaintiffs further concede that, on October 19, 2006, a federal court judgment was entered on claims identical to the claims in this action (Docket # 9, 2:20-21), thus satisfying the second element of *res judicata*. However, plaintiffs assert that this judgment cannot apply to bar their action because it is void. Plaintiffs have no authority to unilaterally conclude that a federal court judgment is void. The federal rules require a party to move for relief from a prior judgment pursuant to Fed.R.Civ.P. 60. Plaintiffs have failed to do so. Instead, plaintiffs simply ignored the prior federal court judgment, and attempted to circumvent the federal rules by filing a separate and identical action in state court.[1] Unless and until the prior judgment has been vacated, plaintiffs are barred from maintaining this action for identical claims.

---

[1] Hartford removed plaintiffs' state court action to federal court on January 17, 2008. (Docket # 1.)

Fed.R.Civ.P. 60(b) provides in part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Plaintiffs have not sought the appropriate relief to vacate the prior judgment under the Rule 60 as set forth above. Accordingly, the prior judgment stands and plaintiffs' current action is barred.

Plaintiffs argue that the prior action is invalid because Nicholas Barbarotto died prior to its filing,[2] and also that no substitution of parties could have been made in the prior action pursuant to Fed.R.Civ.P. 17 or 25 to continue the action following Mr. Barbarotto's death. (Docket # 9, 2:5-27.) Plaintiffs further assert that this Court must accept as fact the allegation that Mr. Barbarotto died before the prior action was filed.[3] (Docket # 9, 3:1-6.) However, this allegation alone does not establish that the prior judgment is invalid. Even if Mr. Barbarotto died prior to the filing of the prior action, plaintiffs have not produced any evidence that the claims against Hartford were not transferred to the Nicholas J. Barbarotto Revocable Living Trust ("Trust") as alleged in the prior action[4], nor have plaintiffs produced evidence that

---

[2] Plaintiffs offer no explanation as to how they intend to avoid Rule 11 sanctions if it is true that the earlier action was knowingly filed on behalf of a deceased person who, by definition, had no standing to sue.

[3] Plaintiffs have not submitted evidence regarding Nicholas Barbarotto's death.

[4] In the prior action, the complaint alleged that "On or about February 1, 2006, plaintiff Barbarotto gave, transferred and assigned all of his right, title and interest in and to the within legal action, and to all of his claims as beneficiary for the benefits and proceeds to which her [sic] is entitled in said action under and by virtue of the accidental death insurance policies referred to thereon issued and underwritten by the Defendants and

1  plaintiffs' counsel was not authorized to act on behalf of the Trust.  Moreover, plaintiffs have not

2  submitted any evidence to substantiate their claim that a substitution of party could not have

3  been made in the prior action.  In short, plaintiffs have not produced any evidence to establish

4  that the prior judgment should be invalidated.

5       Plaintiffs cite *Banakus v. United Aircraft Corp.*, 290 F.Supp. 259 (S.D.N.Y. 1968), for

6  the proposition that an action in which the plaintiff dies before the complaint is filed is always

7  considered a judicial nullity, and no substitution of parties can be made.  (Docket # 9, 2:9-13.)

8  *Banakus* is distinguishable from the circumstances presented here, and does not support the

9  invalidation of the prior action.  *Banakus* involved a negligence suit brought by Holochuck, for

10 personal injuries he sustained in an airplane crash.  Unbeknownst to his counsel, Holochuck died

11 thirty-five minutes before his complaint was filed with the court.  Holochuck's counsel

12 attempted to substitute Holochuck's wife as plaintiff, and also moved to amend the complaint to

13 add a wrongful death claim.  The court held that, since Holochuck was dead when the action for

14 his personal injuries was commenced, his wife could not revive it by substituting as plaintiff and

15 amending the complaint.  However, the court held that the wife was not precluded from pursuing

16 a separate action for wrongful death.

17      *Banakus* is distinguishable from the present case because Holochuck's wife was

18 attempting to continue her husband's case for personal injuries, along with a totally new

19 wrongful death claim.  In contrast, here, plaintiffs have brought an identical action as successors

20 in interest, and seek no new claims for relief.  This distinction was explained in *Esposito v.*

21 *United States*, 368 F.3d 1271 (10th Cir. 2004), in which the Tenth Circuit held that "the

22 decedent's original complaint in *Banakus* was for personal injury only and did not include a

23 cause of action for wrongful death.  The court was not faced with possible forfeiture of a

24 wrongful death claim; it specifically stated that its holding was without prejudice to the right of

---

each of them, to himself as Trustee and to his successor trustees as an asset includable in and subject to the terms, conditions and provisions of that certain revocable living trust agreement executed by him as Trustor and Trustee dated November 2, 2005." (Docket # 5, Exhibit 1, ¶ 4.)

the administratrix to institute a separate action for wrongful death.  The essential point of *Banakus* is that the administratrix should not have attempted to revive an expired lawsuit for personal injuries by injecting a new wrongful death claim; instead, she should have filed her claim as a separate action."  *Id.* at 1277.

*Esposito* involved a wrongful death claim brought by Mr. Esposito arising out of his death in prison.  Counsel representing Mrs. Esposito, mistakenly named Mr. Esposito as plaintiff in the action, instead of Mrs. Esposito.  The district court dismissed the action on grounds that Mr. Esposito was deceased and therefore lacked capacity to pursue a claim for wrongful death.  The district court further denied Mrs. Esposito's motion to substitute as plaintiff.  The Tenth Circuit reversed, rejecting the argument that the attempted suit by a decedent was a nullity and also reversing the district court's order denying Mrs. Esposito's request to substitute as plaintiff.  The Tenth Circuit held that substitution of Mrs. Esposito as plaintiff was proper.

> We do . . . find support in the federal rules for permitting substitution notwithstanding Mr. Esposito's lack of capacity at the time the suit was filed.  As the district court pointed out, nothing in Rule 17(a) requires that the original plaintiff have capacity to sue.  The fact is, Rule 17(a) does more than merely provide a relation back principal.  It provides that substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest."

*Id.* at 1277-1278.  As in *Esposito*, plaintiffs have failed to demonstrate that the prior action is a nullity.  Plaintiffs have not submitted any evidence regarding Mr. Barbarotto's death, the Trust and its representation in the prior action, the authority of plaintiffs' counsel to act in the prior action, or whether a motion for substitution was ever made and denied in the prior action.  Plaintiffs have not offered any evidence to substantiate their argument that the prior judgment should not apply to bar this action.  Accordingly, the prior judgment precludes this action under *res judicata*.

C.   <u>Plaintiffs' Argument That They Were Not Parties To The Prior Action Is Irrelevant</u>

Plaintiffs have brought the instant action as successors in interest.  Therefore, privity exists, and the third element of *res judicata* is satisfied.  Plaintiffs' argument that the prior judgment cannot bar them from pursuing this action because they were not parties to the prior action is unsupported.

Even the one First Circuit case cited by plaintiffs, *Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978),[5] supports the conclusion that *res judicata* bars plaintiffs from maintaining this action. (Docket # 9, 1-7.) As held by the *Griffin* court:

> Res judicata precludes the parties to a law suit, *and their privies*, from relitigating issues that were or might have been raised between them in that suit. One condition of res judicata is that the cause of action in the two suits be the same. [citation omitted] Another is that the persons who are barred from relitigation have been parties to the first suit *or in privity with a party*, and thus have their day in court.

*Griffin*, 570 F.2d at 1071. (Emphasis added.) In *Griffin*, the court held that there was an absence of privity between a Democratic primary candidate who previously contested the use of absentee and shut-in ballots in a special election to the State Board of Elections, and voters who were not parties to the prior action. *Id.* at 1070-1072. In contrast, here, plaintiffs have asserted a successor in interest relationship, which is recognized as demonstrating privity as a matter of law. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1053 (9th Cir. 2005). Accordingly, plaintiffs, as successors in interest, are barred from maintaining this action.

### III.    CONCLUSION

As all the elements of *res judicata* are satisfied, Hartford's motion to dismiss plaintiffs' complaint should be granted.

DATED: March 20 , 2008            Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:      /s/ Michelle Y. McIsaac
    BRUCE D. CELEBREZZE
    MICHELLE Y. MCISAAC
    Attorneys for Defendants
    HARTFORD LIFE INSURANCE COMPANY
    and HARTFORD LIFE AND ACCIDENT
    INSURANCE COMPANY

---

[5] Plaintiffs' opposition brief misnames *Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978), as *Dudley v. Myers*.