IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas J. Barbarotto's Successors in Interest,<br><br>    Plaintiffs,<br><br>  v.<br><br>HARTFORD LIFE INSURANCE COMPANY dba THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C 08-338 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |

    Defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company move to dismiss the complaint filed against them by Plaintiffs Vicki Caprio and Duane A. Barbarotto. Plaintiffs oppose the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants Defendants' motion to dismiss with leave to amend.

BACKGROUND

On June 7, 2007, Plaintiffs filed the complaint in this case, alleging that they are Nicholas Barbarotto's (Nicholas) successors in interest and bring their claims on that basis. Plaintiffs allege that Defendants issued an accidental death policy covering Nicholas and his wife Tamara Barbarotto (Tamara) and a separate accidental death policy covering only Tamara. Tamara was injured in an accident on July 2, 2002 and died as a result of those injuries on October 19, 2002. Plaintiffs allege that Nicholas filed timely claims under the policies but Defendants "failed to conduct a reasonable investigation and acted unreasonably, arbitrarily and capriciously in denying the claims." Complaint ¶ 16. Based on those allegations, Plaintiffs bring claims for breach of contract, breach of the duty of good faith and fair dealing and violation of the Employee Retirement Income Security Act (ERISA).

DISCUSSION

Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata

operates where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)).

Defendants argue that Plaintiffs' claims are barred based on the doctrine of res judicata because a suit based on the same insurance claims was filed in this District naming Nicholas as plaintiff on February 22, 2006 (Nicholas Barbarotto v. Hartford Life Insurance Company, C 06-1278 CRB). This case was filed by counsel for Plaintiffs in the present case. On October 19, 2006, Judge Breyer entered an order pursuant to the parties' stipulation dismissing the 2006 suit with prejudice. Plaintiffs do not dispute that the 2006 suit and this suit involve the same insurance claims. Instead, Plaintiffs argue that the 2006 suit is a judicial nullity because it was filed after Nicholas died on February 14, 2006. Therefore, Plaintiffs argue, the dismissal of the 2006 suit is not a valid judgment for purposes of res judicata.

In Banakus v. United Aircraft Corporation, 290 F. Supp. 259 (S.D.N.Y. 1968), the plaintiff was injured in an airplane crash. Approximately half-an-hour before his attorney filed the complaint in the action, the plaintiff died. Plaintiff's wife, as administrator of his estate, filed a motion to amend the complaint to add a claim for wrongful death and to substitute herself as plaintiff. The New York court found that, because the plaintiff was dead when the action was filed, "it must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint." Id. at 260. Therefore, the court denied

3

plaintiff's wife's motion without prejudice to her filing a wrongful death action.

Defendants argue that <u>Banakus</u> is distinguishable because Plaintiffs did not attempt to substitute themselves as plaintiffs in the 2006 suit.  However, the <u>Banakus</u> court did not allow the plaintiff's wife to substitute herself as the plaintiff. Defendants also argue that <u>Banakus</u> is distinguishable because "plaintiffs have brought an identical action as successors in interest, and seek no new claims for relief."  Reply at 4. However, Plaintiffs' complaint includes a claim under ERISA, which the 2006 suit did not.  Moreover, <u>Banakus</u> is not binding authority on this Court and it is not clear that the addition of a new claim for relief was a key factor in the <u>Banakus</u> court's decision.

Defendants also cite <u>Esposito v. United States</u>, 368 F.3d 1271 (10th Cir. 2004), in support of their argument that the 2006 suit was not a nullity.  In <u>Esposito</u>, the Tenth Circuit reversed the district court's dismissal of a wrongful death claim, which was mistakenly filed with the decedent as plaintiff, and its denial of the decedent's wife's motion to substitute as plaintiff.  Both <u>Esposito</u> and <u>Banakus</u> permitted the decedent's representatives to pursue the decedent's claims.

Nonetheless, as Defendants argue, the three elements of <u>res judicata</u> are met in this case.  Plaintiffs seek to bring claims identical to those dismissed with prejudice in the 2006 litigation. Moreover, there is privity between Nicholas and Plaintiffs, acting as his successors in interest.  See <u>Headwaters Inc. v. United</u>

4

1 States Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005) (privity
2 exists between individuals and their successors in interest). Res
3 judicata is not a discretionary doctrine. See Southern Ry. Co. v.
4 Clift, 260 U.S. 316, 319 (1922) (noting that res judicata
5 "supersedes [discretion] and compels judgment"). Although the 2006
6 suit did not include an ERISA claim, the ERISA claim in this case
7 is also barred by res judicata because it could have been brought
8 in the 2006 suit.
9   If Plaintiffs wish to pursue these claims, they must seek a
10 judicial determination that the judgment entered in the 2006 suit
11 is void because the case was a nullity when filed.

## CONCLUSION

13   For the foregoing reasons, the Court GRANTS Defendants' motion
14 to dismiss (Docket No. 3), and grants Plaintiffs leave to amend.
15 If Plaintiffs wish to file an amended complaint in this case, they
16 shall within ten days of the date of this order file in the 2006
17 suit a motion to void the judgment pursuant to Federal Rule of
18 Civil Procedure 60(b). Plaintiffs shall include in their motion
19 facts related to Nicholas's death and the subsequent filing of the
20 lawsuit in his name. In the interest of judicial economy,
21 Plaintiffs shall also file a notice of related cases suggesting
22 that Judge Breyer re-assign the 2006 suit to this Court. If the
23 2006 case is dismissed as a nullity, Plaintiffs may within ten days
24 thereafter file an amended complaint in this case alleging that the
25 2006 case has been voided. In that event, they shall contact the
26 clerk for a case management conference date. Otherwise, the

5

dismissal of this complaint will stand.  The case management conference currently scheduled for April 22, 2008 is hereby vacated.

      IT IS SO ORDERED.

Dated:  4/15/08

_____
CLAUDIA WILKEN
United States District Judge