Barry F. Wester, Esq. (103588)
Matthew D. Brekhus, Esq. (119251)
DYKMAN & WESTER, LLP
790 Mission Avenue
San Rafael, CA 94901
Telephone: (415) 454-8545
Facsimile: (415) 454-8628

Attorneys for Plaintiffs
    VICKI CAPRIO and DUANE A. BARBAROTTO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as Nicholas J. Barbarotto's Successors in Interest,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs VICKI CAPRIO and DUANE A. BARBAROTTO alleges as follows:

## JURISDICTION AND VENUE

1. NICHOLAS J. BARBAROTTO is the name of decedent.

2. NICHOLAS J. BARBAROTTO died on February 14, 2006 at South San Francisco, California.

3. No proceeding is now pending in California for administration of the decedent's estate.

4. Plaintiff Vicki Caprio was at the times alleged herein, and is now, a resident of the County of San Mateo, in the state of California. Plaintiff Duane A. Barbarotto was at the

COMPLAINT

- 1

times alleged herein, and is now, a resident of the County of Maricopa, in the state of Arizona. The plaintiffs are decedent's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to the decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

6. At all relevant times herein, defendant THE HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") was, and is, a corporation with its principal place of business in Connecticut, and is authorized to transact business in California, and at all relevant times herein was transacting business in the state of California.

7. Jurisdiction of this Court is invoked pursuant to 28 USC §1332(a)(1). Plaintiffs and Defendants are citizens of different states. The amount in controversy exceeds $75,000 by virtue of contracts and extra-contractual damages alleged herein, exclusive of costs and interest, as to Plaintiffs. Venue is proper in this district as Plaintiff Vicki Caprio resides, and decedent Nicholas J. Barbarotto resided in this district and were damaged by defendants as a direct result of the wrongful result of the wrongful acts alleged herein in this district.

## GENERAL ALLEGATIONS

8. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 20, and plaintiffs are further ignorant of the appropriate charging allegations and theories of liability with respect to said fictitiously named defendants, and therefore plaintiffs sue such defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Based on information and belief, each of the defendants so designated herein is legally responsible and liable in some manner for the events and happenings herein referred to, and is therefore liable and responsible to plaintiffs for an amount to be hereinafter determined.

9. At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose

1  and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

2. Defendant HARTFORD issued an accidental death policy, number ADD-1037, to the State Bar of California covering decedent and his wife, Tamara Barbarotto, in the amount of $125,000.

11. Defendant HARTFORD also issued a separate accidental death policy covering decedent and his wife, Tamara Barbarotto, number ADD-6460, in the amount of $50,000.

12. All premiums due under the above-mentioned HARTFORD Policies (hereafter "the Policies") were paid to defendant at all relevant times and decedent and/or Tamara Barbarotto have performed all obligations under the Policies.

13. Tamara Barbarotto was injured at home as a result of an accident on July 2, 2002.

14. On October 19, 2002, Tamara Barbarotto expired as a result of the injuries sustained in the July 2, 2002 accident.

15. Decedent filed timely claims for the total death indemnity under the Policies.

16. HARTFORD failed to conduct a reasonable investigation and acted unreasonably, arbitrarily and capriciously in denying the claims made by decedent pursuant to the Policies, subsequent to the death of Tamara Barbarotto. HARTFORD wrongfully denied the claim of decedent relating to policy number ADD-1037 on December 14, 2004, and wrongfully denied the claim of decedent relating to policy number ADD-6460 on June 7, 2005.

17. On February 22, 2006, Decedent Nicholas J. Barbarotto individually, and as Trustee of the Nicholas J. Barbarotto Revocable Trust Agreement dated November 2, 2005, filed an action in U.S. District Court Case No. 06-1278 against Defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company, based on the denial of claims under the policies described above. This action was dismissed by stipulation by the parties and an Order of Dismissal was entered by the court on October 19, 2006. On June 17, 2008 the U.S. District Court voided the Order of Dismissal on the grounds that Nicholas Barbarotto had died before the action was filed.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

18.  Plaintiffs refer to paragraphs 1 through 16 of the General Allegations and incorporate those paragraphs as though set forth in full in this Cause of Action.

19.  Decedent performed all conditions on his part to be performed under the insurance contacts and all premiums due under said contracts have been paid.

20.  Defendant HARTFORD has breached the subject insurance contracts by refusing, without just cause, to pay plaintiffs' claims, and refusing, without just cause, to undertake and complete a reasonable investigation of said claims.

21.  As a direct result of defendant's breach of the subject insurance contracts, plaintiffs have suffered contractual damages under the terms and conditions of the Policies, and other incidental damages and out-of-pocket expenses, all in a sum to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Breach of Duty of Good Faith and Fair Dealing)

22.  Plaintiffs refer to paragraphs 1 through 16 of the General Allegations, and paragraphs 18 through 20, inclusive, of the First Cause of Action, and incorporate those paragraphs as though set forth in full in this cause of action.

23.  Defendant breached their duty of good faith and fair dealing owed to plaintiffs in the following respects:

   (a) Unreasonable and bad faith failure to pay benefits to plaintiffs at a time when defendant knew plaintiffs were entitled to said benefits under the terms of the Policies.

   (b) Unreasonably withholding payments from plaintiffs in bad faith knowing plaintiffs' claim for benefits under the Policies to be valid.

    (c) Failing to pay plaintiffs death benefits pursuant to said claims at a time when defendant had insufficient information within their possession directly opposing said action.

    (d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claims for death benefits in which liability had become reasonably clear.

    (e) Bad faith failure to provide a reasonable explanation of the basis relied upon in the Policies, in relation to the applicable facts, for the denial of plaintiffs' claims for death benefits.

    (f) Unreasonably and in bad faith requiring plaintiffs to provide unnecessary and unreasonable information and documentation after already knowing that plaintiffs were entitled to receipt of the death benefit.

    (g) Plaintiffs are informed and believe and thereon allege that defendant has breached its duty of good faith and fair dealing owed to plaintiffs by other acts or omissions of which plaintiffs are presently unaware. Plaintiffs reserve the right to seek leave of court to amend this Complaint at such time as plaintiffs discover the other acts or omissions of said defendant constituting such breach.

24. As a result of the aforementioned wrongful conduct of defendant, plaintiffs have suffered, and will continue to suffer in the future, damages under the Policy, plus prejudgment interest, for a total amount to be show at the time of trial.

25. As a further result of the aforementioned wrongful conduct of defendant, plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, defendant is liable to plaintiffs for those expenses and attorney fees reasonably necessary and incurred by plaintiffs to obtain the policy benefits in a sum to be determined at the time of trial.

26. Defendant's conduct described herein was intended by the defendant to cause injury to the plaintiffs, or was despicable conduct carried out by the defendant, with a willful and

conscious disregard of the rights of plaintiffs, subjected plaintiffs to cruel and unjust hardship in conscious disregard of plaintiffs' rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant, with the intention to deprive plaintiffs of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under CCP §3294, thereby entitling plaintiffs to punitive damages in an amount appropriate to punish, or set an example, of defendant.

## THIRD CAUSE OF ACTION

(ERISA Violation)

27. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations, paragraphs 18 through 20, inclusive, of the First Cause of Action, and paragraphs 22 through 25, inclusive, of the Second Cause of Action, and incorporate those paragraphs as though set forth in full in this cause of action

28. Defendant's Policies have, at all times material, been an employee benefit plan established by an employer engaged in commerce or in any industry or activity affecting commerce within the meaning of 29 U.S.C. Section 1003(a)(1).

29. At all times, defendants DOES 1 through 10, have been the administrator of the Policies.

30. Decedent was an eligible employee participant in defendant's Policies.

31. Plaintiffs have fully complied with all the conditions in order to receive these benefits.

32. The decision by defendant that denied plaintiffs of the rights and benefits due plaintiffs under the Policies was arbitrary, illegal, capricious, unreasonable, and not made in good faith, and is breach of defendant's fiduciary duty owned to plaintiffs.

33. As a direct and proximate result of the actions of the defendant, plaintiffs have been caused to incur attorney's fees.

34. As a direct and proximate result of the actions of the defendant, plaintiffs have sustained damages in an amount equaling $175,000.

WHEREFORE, plaintiffs pray for judgment against defendant, and each of them, as follows:

1. Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest, in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

3. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendant;

4. An assessment of the statutory penalty provided in 20 U.S.C. Section 1132(c requiring defendant to pay plaintiff $100 a day commencing 90 days after the plaintiffs' written request for plan information was made.

5. For expenses and attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated:  June 27, 2008                                      DYKMAN & WESTER, LLP


BY_____/S/_____
   MATTHEW BREKHUS
   Attorneys for Plaintiff

COMPLAINT

- 7 -