1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  bruce.celebrezze@sdma.com
   MICHELLE Y. MCISAAC BAR NO. 215294
3  michelle.mcisaac@sdma.com
   One Market Plaza
4  Steuart Tower, 8th Floor
   San Francisco, California 94105
5  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
6
   Attorneys for Defendant
7  HARTFORD LIFE INSURANCE COMPANY

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  VICKI CAPRIO and DUANE A.              CASE NO. C 08-0338 CW
    BARBAROTTO as Nicholas J.
12  Barbarotto's Successor in Interest,    **ANSWER OF DEFENDANT HARTFORD
                                           LIFE INSURANCE COMPANY TO
13              Plaintiff,                  PLAINTIFFS' FIRST AMENDED
                                           COMPLAINT**
14         v.

15  HARTFORD LIFE INSURANCE
    COMPANY, a corporation doing business
16  as THE HARTFORD and HARTFORD
    LIFE AND ACCIDENT INSURANCE
17  COMPANY, and DOES 1 through 20,
    inclusive,
18
                Defendants.
19

20

21         COMES NOW defendant Hartford Life Insurance Company ("Hartford") and hereby

22  answers the first amended complaint ("FAC") of plaintiffs Vicki Caprio and Duane A.

23  Barbarotto as Nicholas J. Barbarotto's Successors in Interest ("Plaintiffs") as follows:

24         1.      In response to the averments contained in paragraph 1 of the FAC, Hartford

25  admits that Nicholas J. Barbarotto is deceased.  Hartford is without knowledge or information

26  sufficient to form a belief as to the truth of the remaining averments contained in paragraph 1 of

27  the FAC, and therefore denies such averments.

28         2.      Hartford admits the averments contained in paragraph 2 of the FAC.

3.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the FAC, and therefore denies such averments.

4.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of the FAC, and therefore denies such averments.

5.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the FAC, and therefore denies such averments.

6.      In response to the averments of paragraph 6 of the FAC, Hartford admits that it is a corporation with its principal place of business in Connecticut, and was at all relevant times authorized to transact business in California.  Hartford denies that is it a corporation doing business as The Hartford and Hartford Life and Accident Insurance Company.  The Hartford is a trade name used by several different insurance companies and service providers.

7.      In response to the averments contained in paragraph 7 of the FAC, Hartford admits that this Court has diversity jurisdiction, and venue is proper in this Court.  Hartford denies that Plaintiffs or Nicholas J. Barbarotto were damaged by Hartford.

8.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the FAC, and therefore denies such averments.

9.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the FAC, and therefore denies such averments.

10.      In response to the averments contained in paragraph 10 of the FAC, Hartford admits that it issued group accidental death and dismemberment policy no. ADF-1037 to the State Bar of California, subject to all of the terms, conditions, limitations, exclusions, and endorsements contained therein.  Hartford further admits that Nicholas J. Barbarotto and his wife participated under policy ADF-1037.  Hartford denies the remaining averments contained in

1  paragraph 10 of the FAC.

2      11.    In response to the averments contained in paragraph 11 of the FAC, Hartford

3  admits that it issued group accidental death and dismemberment policy no. ADD-6460 to

4  Attorneys Group Insurance Trust, subject to all of the terms, conditions, limitations, exclusions,

5  and endorsements contained therein.  Hartford further admits that Nicholas J. Barbarotto and his

6  wife participated under policy ADD-6460.  Hartford denies the remaining averments contained

7  in paragraph 11 of the FAC.

8      12.    In response to the averments contained in paragraph 12 of the FAC, Hartford

9  admits on information and belief that the premiums were paid under policy no. ADF-1037 and

10 policy no. ADD-6460  ("Policies").  Hartford denies each and every remaining averment

11 contained in paragraph 12 of the FAC.

12     13.    Hartford is without knowledge or information sufficient to form a belief as to the

13 truth of the averments contained in paragraph 13 of the FAC, and therefore denies such

14 averments.

15     14.    In response to the averments contained in paragraph 14 of the FAC, Hartford

16 admits that Tamara Barbarotto died on October 18, 2002.  Hartford denies each and every

17 remaining averment contained in paragraph 14 of the FAC.

18     15.    In response to the averments contained in paragraph 15 of the FAC, Hartford

19 admits that claims were filed timely under the Policies, but denies each and every remaining

20 averment contained in paragraph 15 of the FAC.

21     16.    Hartford denies each and every averment contained in paragraph 16 of the FAC.

22     17.    In response to the averments set forth in paragraph 17 of the FAC, Hartford

23 admits that on February 22, 2006, an action was filed in this Court by attorneys, purporting to

24 represent Nicholas J. Barbarotto, individually, and as Trustee of the Nicholas J. Barbarotto

25 Revocable Trust Agreement dated November 2, 2005, against Hartford Life Insurance Company

26 and Hartford Life and Accident Insurance Company, case no. C06-1278 ("2006 action").  On

27 October 19, 2006, the court entered a dismissal with prejudice in the 2006 action.  Plaintiffs then

28 filed this action a year later, alleging that at the time the 2006 action was filed, Nicholas J.

Barabotto was deceased.  By order dated June 17, 2008, this Court held that the 2006 action was void at its inception because Nicholas J. Barabotto was deceased at the time the action had been filed.  Hartford denies the remaining averments contained in paragraph 17 of the FAC.

18.     Hartford incorporates by reference its responses to paragraphs 1 through 17 of the FAC as though fully set forth herein.

19.     In response to the averments contained in paragraph 19 of the FAC, Hartford admits that premiums have been paid under the Policies, but denies plaintiffs are entitled to the benefits they seek.  Hartford denies each and every remaining averment contained in paragraph 19 of the FAC.

20.     Hartford denies each and every averment contained in paragraph 20 of the FAC.

21.     Hartford denies each and every averment contained in paragraph 21 of the FAC.

22.     Hartford incorporates by reference its responses to paragraphs 1 through 21 of the FAC as though fully set forth herein.

23.     Hartford denies each and every averment contained in paragraph 23 of the FAC, including all subparts (a) through (g).

24.     Hartford denies each and every averment contained in paragraph 24 of the FAC.

25.     Hartford denies each and every averment contained in paragraph 25 of the FAC.

26.     Hartford denies each and every averment contained in paragraph 26 of the FAC.

27.     Hartford incorporates by reference its responses to paragraphs 1 through 26 of the FAC as though fully set forth herein.

28.     Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of the FAC, and therefore denies such averments.

29.     Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the FAC, and therefore denies such averments.

30.     Hartford is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the FAC, and therefore denies such

1    averments.

2    31.    Hartford denies each and every averment contained in paragraph 31 of the FAC.

3    32.    Hartford denies each and every averment contained in paragraph 32 of the FAC.

4    33.    Hartford denies each and every averment contained in paragraph 33 of the FAC.

5    34.    Hartford denies each and every averment contained in paragraph 34 of the FAC.

6                                       AFFIRMATIVE DEFENSES

7                                    FIRST AFFIRMATIVE DEFENSE

8    The FAC, and each purported cause of action therein, fails to state a claim upon which

9    relief can be granted.

10                                  SECOND AFFIRMATIVE DEFENSE

11    The claims asserted in the FAC are barred in whole or in part by the terms, definitions,

12    exclusions, conditions, limitations, and endorsements contained in the accidental death and

13    dismemberment policies which are the subject of the FAC.

14                                   THIRD AFFIRMATIVE DEFENSE

15    Hartford alleges that if the subject accidental death and dismemberment policies are

16    governed by Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, and thus

17    plaintiffs' state law claims are preempted.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

18                                  FOURTH AFFIRMATIVE DEFENSE

19    The claims asserted in the FAC are barred in whole or in part by the terms, definitions,

20    exclusions, conditions, limitations, and endorsements contained in the accidental death and

21    dismemberment policies and/or employee benefit plan which are the subject of the FAC and/or

22    the terms and provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001,

23    *et seq.*

24                                    FIFTH AFFIRMATIVE DEFENSE

25    Hartford alleges that the accidental death and dismemberment policies which are the

26    subject of the FAC provide exclusions for losses caused by or resulting from any sickness or

27    disease, which bars plaintiffs' recovery in this action.

28                                    SIXTH AFFIRMATIVE DEFENSE

1    Hartford seeks a declaration that plaintiffs are not entitled to benefits under the subject

2    accidental death and dismemberment policies on grounds that Tamara Barbarotto's death was

3    caused by and was a result of sickness or disease, which is specifically excluded from coverage

4    under the policies.

5

6    SEVENTH AFFIRMATIVE DEFENSE

7    Plaintiffs have failed to perform all of the obligations and conditions set forth under the

8    accidental death and dismemberment policies which are the subject of the FAC and/or the

9    Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*.

10    EIGHTH AFFIRMATIVE DEFENSE

11    To the extent that it is determined that Nicholas J. Barbarotto or Tamara Barbarotto

12    misrepresented or failed to disclose or omitted material information in connection with any

13    application for insurance or application for accidental death and dismemberment benefits,

14    plaintiff's claims are barred.

15    NINTH AFFIRMATIVE DEFENSE

16    The FAC, and each cause of action contained therein, fails to state sufficient facts to

17    constitute a valid claim for attorneys' fees.

18    TENTH AFFIRMATIVE DEFENSE

19    Hartford alleges that, if the FAC was not brought in good faith pursuant to Rule 11 of the

20    Federal Rules of Civil Procedure, it is entitled to and will seek reasonable expenses, including

21    attorneys' fees incurred in defending the action.

22    ELEVENTH AFFIRMATIVE DEFENSE

23    Plaintiffs have not suffered any damages as a result of any actions taken by Hartford, and

24    plaintiffs are thus barred from asserting the FAC, or any purported cause of action therein,

25    against Hartford.

26    TWELFTH AFFIRMATIVE DEFENSE

27    Hartford and its representatives acted reasonably and in good faith at all times material

28    herein, based on all relevant facts and circumstances known by them at the time they so acted.

1   Accordingly, plaintiffs are barred from any recovery in this action.

2                              THIRTEENTH AFFIRMATIVE DEFENSE

3          Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches,

4   waiver, and estoppel.

5

6                              FOURTEENTH AFFIRMATIVE DEFENSE

7          Hartford alleges that the FAC fails to state facts sufficient to warrant an award of

8   punitive or exemplary damages, and plaintiffs have failed to plead malice, fraud, or oppression

9   with the specificity required under California Civil Code § 3294.

10                             FIFTEENTH AFFIRMATIVE DEFENSE

11         The FAC, to the extent it seeks punitive or exemplary damages against Hartford, violates

12  Hartford's right to protection from "excessive" fines as provided in the Eighth Amendment to

13  the United States Constitution and the Constitution of the State of California, violates Hartford's

14  right to substantive due process and equal protection as provided in the Fifth and Fourteenth

15  Amendments to the United States Constitution and the Constitution of the State of California,

16  and does not meet the tests for allowing punitive damages set forth by the United States Supreme

17  Court in *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), *State Farm Ins. Co. v. Campbell*,

18  538 U.S. 408, 123 S.Ct. 1553 (2003), *Philip Morris USA v. Williams*, 549 U.S. __; 127 S.Ct.

19  1057, 166 L.Ed.2d 940 (2007), and other cases, and therefore fails to state a claim supporting the

20  punitive or exemplary damages asserted.

21                             SIXTEENTH AFFIRMATIVE DEFENSE

22         Hartford alleges that the FAC, and each purported cause of action contained therein, fails

23  to state sufficient facts to constitute a valid claim for general damages for mental and emotional

24  distress.

25                             SEVENTEENTH AFFIRMATIVE DEFENSE

26         Hartford alleges that recoverable damages, if any, are limited by California Code of Civil

27  Procedure Section 337.34.

28                             EIGHTEENTH AFFIRMATIVE DEFENSE

1    Hartford alleges that plaintiffs' claims, in whole or in part, are barred by the applicable

2    statute of limitations and/or the contractual limitations period.

3                    NINETEENTH AFFIRMATIVE DEFENSE

4    Hartford alleges that its coverage interpretations and claims handling were and are

5    reasonable as a matter of law and were not and are not inherently unreasonable as a matter of

6    law.

7                    TWENTIETH AFFIRMATIVE DEFENSE

8    Plaintiffs have failed to set out their claims with sufficient particularity to permit

9    Hartford to raise all appropriate defenses and, thus, Hartford reserves its rights to add additional

10    defenses as a factual basis as these claims become known.

11    WHEREFORE, defendant Hartford Life Insurance Company prays for judgment as

12    follows:

13            1.    That plaintiffs take nothing by reason of the first amended complaint; and

14            2.    That Hartford be awarded costs of suit herein and such other and further

15    relief as the court deems just and proper.

16    DATED: July 14, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

17

18

19    By:    /s/  Michelle Y. McIsaac
            BRUCE D. CELEBREZZE
20          MICHELLE Y. MCISAAC
            Attorneys for Defendant
21          HARTFORD LIFE INSURANCE COMPANY

22

23

24

25

26

27

28